## Exeter & Northumberland Townships.

*Townships—Boundaries—Change of boundary line—Report of commissioners.*

A report of commissioners appointed in proceedings to change the boundary line between two townships contains a sufficiently explicit opinion as to the propriety of making the change, if the commissioners say, "that having been duly sworn we went over the proposed line, and the line, as it now is, viewed them, measured them, and took their courses, heard the statements of the persons present, favoring and opposed to the change, and made careful and diligent inquiry as to the propriety of making the change as prayed for. After careful consideration as aforesaid we find that the convenience of the inhabitants of said townships would be promoted

by the alteration of the line as prayed for, and therefore report to the court that in our opinion the line should be altered and we recommend the alteration as prayed as follows": giving description, course and distance, accompanied by map.

Such a report will not be set aside upon the dissenting view of one taxpayer.

Argued Oct. 15, 1917. Appeal, No. 81, Oct. T., 1917, by Northumberland Twp., from order of Q. S. Wyoming Co., confirming report of commissioners in the matter of the Alteration of Line between Exeter & Northumberland Townships. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to report of commissioners.

TERRY, P. J., filed the following opinion:

As we understand the history of this matter there has long been a controversy over the location of the line between Exeter and Northumberland Townships. The dispute antedated 1909, but in that year, by proceedings brought to No. 20, June Sessions, the line was established, detaching from Exeter territory theretofore supposed to belong to that township and adding it to Northumberland Township. Since then there have been four attempts to restore the line as it had previously been claimed by the inhabitants of Exeter Township. Those proceedings were entered to Nos. 22 January Sessions, 1910, 20 January Sessions, 1911, 38 October Sessions, 1913, and 13 January Sessions, 1916—the last mentioned being the case now before us. In all except the second the commissioners reported in favor of granting the prayer of the petitioners, but in two instances the reports were set aside because in the orders issued to the commissioners there was no explicit direction to them to inquire into the propriety of granting such prayer. In this case there is an exception that the report does not contain an explicit opinion as to the propriety of granting the prayer of the petitioners. In the two cases re-

ferred to the omission complained of was in the orders, while in the last case—the one now under consideration—the complaint is that the report is defective.

The report of the commissioners in this case sets forth:

"Third. That having been duly sworn we went over the proposed line and the line, as it now is, viewed them, measured them and took their courses; heard the statements of the persons present favoring and opposed to the change, and made careful and diligent inquiry as to the propriety of making the change as prayed for.   Fourth—After careful consideration as aforesaid we find that the convenience of the inhabitants of said townships will be promoted by the alteration of the line as prayed for and therefore report to the court that in our opinion the line should be altered and we recommend the alteration as prayed as follows," giving description, course and distance, accompanied by map.

In our opinion this is sufficiently definite and a compliance with the law.

The other exceptions are aimed at the finding that the alteration of the line is for the convenience of the inhabitants of Exeter and Northumberland Townships, and assert that such change would be beneficial to only four persons.   In support of this contention the exceptants have submitted the deposition of one witness, in whose opinion there is no reason for the change in the line reported by the commissioners.

We cannot, however, permit the judgment of this person to overrule that of the commissioners, to whom the law commits the authority to decide that question.   The petition upon which the commissioners were appointed set forth that the convenience of the inhabitants of both townships would be greatly promoted by the change of line prayed for; the order issued to the commissioners required them to inquire into the propriety of doing so; and the report of the commissioners shows that they made such inquiry and in the discharge of their duty found that the convenience of the inhabitants of both

townships would be promoted by the alteration reported. The convenience of the inhabitants—not merely of a specified number of individuals—formed the basis of the petition and of the report as well; and the order contained the requisite authority. Bearing this in mind we cannot withhold our sanction of the report upon the dissenting view of one taxpayer.

Having given due consideration to the exceptions filed, we think none of them has merit, and they are accordingly overruled.

The report of the commissioners in this case is confirmed absolutely, and it is ordered, adjudged and decreed that the line between Exeter and Northumberland Townships be altered as shown in the report of the said commissioners and as recommended by them.

*Error assigned* was order confirming the report.

*Asa S. Keeler,* for appellant, cited: Rockdale & Richmond Twp., 23 Pa. C. C. R. 170; Nicholson & Lemon Twps., 43 Pa. C. C. R. 118.

*Edward B. Farr,* for appellee, cited: Wyalusing Twp., 2 S. & R. 402; Elk Twp. School Dist., 146 Pa. 1.

PER CURIAM, March 2, 1918:

The opinion of the court confirming absolutely the report of the commissioners changing the line between the townships, furnishes sufficient reasons for the conclusion he reached in overruling the exceptions and confirming their report.

We adopt the opinion as representing the judgment of this court and affirm the order.